# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**G. SCHNIP CONSTRUCTION, INC**           17CV780

**v.**

**DASHWAN HILL and THOROUGHBRED RESEARCH & INVESTMENTS, LLC**

## RULING ON MOTION TO DISMISS

In this action, G. Schnip Construction asserts claims of conversion, statutory theft, fraud, detrimental reliance, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against defendants Dashawn Hill and Thoroughbred Research & Investments, LLC. Defendants have filed a motion to dismiss the claims of conversion and statutory theft.

For the following reasons, the motion to dismiss will be DENIED.

## Background

The Court assumes facts alleged in the complaint to be true.

The genesis of this case is a contract between plaintiff and Mitchell Brands, which is not a party to this action, for plaintiff to perform work on a project known as the Garage by Richard Rawlings, a restaurant at Foxwoods Resort and Casino.

To induce plaintiff to execute the contract, defendants "sent what ostensibly constituted proof of a financing document."

Plaintiff undertook performance of its obligations under the contract until Mitchell Brands refused to satisfy its contractual payment obligations. To induce plaintiff to

continue work on the project, defendants issued a "Monthly Statement of Account" that represented that funds totaling $1,200,000 were set aside to be paid to plaintiff.

Plaintiff alleges that Mitchell Brands breached the contract by failing to pay $1,579,184.72 owed to plaintiff; and that defendants have not provided the funding represented prior to execution of the contract and have not transferred the funds that it represented would be set aside for payment. In paragraph 25, plaintiff alleges that defendants made representations to plaintiff that the payment of $1,200,000 would be made so that plaintiff would be induced to continue working and would forbear from commencing litigation. In paragraph 26, plaintiff alleges

> In order to further induce [Plaintiff] to enter into the Garage Contract, to continue working on the Project, to not commence litigation and to continue to provide labor materials and services for the Project, [defendants] issued a Monthly Business Statement of Account (Exhibit B) representing to GSCI that Sovereign Global Servicing had among other things a credit facility of $641,475,696.40 available to [defendants]; and thereafter in February 2017 that [plaintiff] would be paid as well as representing that it would "take Sovereign a few days to advance the cash by Bank wire" to [plaintiff] the amount of $1,200,500,00.

At paragraph 29 relevant to count one of conversion, plaintiff alleges that "Defendants took possession and/or exercised control of those funds which deprived [plaintiff] of the benefit of those funds."

## Discussion

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in

favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

A valid claim of conversion or statutory or civil theft pursuant to Connecticut General Statutes § 52-564 is established when a party shows ownership or the right to possess identifiable money rather the right to the payment of the money pursuant to a debt or contract. See Mystic Color Lab v. Auctions Worldwide, LLC, 284 Conn. 408, 419 (2007); Deming v. Nationwide Mut. Ins. Co., 279 Conn. 745, 772 (2006) ("action for conversion of funds may not be maintained to satisfy a mere obligation to pay money"). Under Connecticut law, conversion and statutory theft require that a plaintiff's pleadings identify specific property that plaintiff possess and that was converted by defendant for defendant's own use. Kopperl v. Bain, 2016 WL 310719, at *1 (D. Conn. Jan. 26, 2014).  The complaint must allege an "unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's right. Claude v. Wells Fargo Home Mortg., 2014 WL 4073215, at *12 (D. Conn. Aug. 14, 2014).

Defendants complain that plaintiff has pleaded possession or exercise of control over the funds in conclusory terms.  Defendant asserts that plaintiff's claims are not plausible without further specificity that would enable the court to draw a reasonable inference that defendant is liable for the conduct alleged.  Construing the facts alleged

most liberally, the Court finds it not wholly implausible that defendants could have exercised control or taken possession of the funds represented to be set aside in a fund. Defendants maintain that the funds were never released. The Court prefers to resolve such factual questions on summary judgment. The Court will leave plaintiff to its proof.

## Conclusion

For the foregoing reasons, the motion to dismiss [#25] is DENIED.

Dated this 12th day of January, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge